IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015

**RODNEY PATTERSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-C-1948     Cheryl Blackburn, Judge**

———————————

**No. M2015-00020-CCA-R3-PC – Filed November 19, 2015**

———————————

The Petitioner, Rodney Patterson, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. The Petitioner contends that he received ineffective assistance from his trial counsel because (1) trial counsel failed to inform him that his conviction for vandalism of property valued at more than $500 but less than $1,000 was a felony rather than a misdemeanor; and (2) trial counsel failed to inform him that his sentence was to be served consecutively to his sentence for another offense. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Nathan D. Cate, Nashville, Tennessee, for the appellant, Rodney Patterson.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Glenn R. Funk, District Attorney General; and Jeff Preston Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On July 31, 2013, the Petitioner resolved four separate cases by pleading guilty to one count of burglary and one count of felony vandalism. See Tenn. Code Ann. §§ 39-14-105, -14-402, -14-408,   In exchange for his guilty pleas, the State dismissed four other counts pending against the Petitioner, including one count of sale of .5 grams or more of cocaine within 1,000 feet of a school, a Class A felony. See Tenn. Code Ann. §§ 39-17-417, -432.

As part of the guilty plea, the Petitioner and the State agreed that the Petitioner was a Range III, persistent offender and would receive a twelve-year sentence for the burglary conviction and a four-year sentence for the felony vandalism conviction. The sentences were ordered to be served consecutively, for a total effective sentence of sixteen years, because the Petitioner committed the felony vandalism offense while he was on bond for the burglary offense. See Tenn. Code Ann. § 40-20-111(b).

At the plea submission hearing, the trial court began by informing the Petitioner that he was free to consult with trial counsel at any point during the hearing and that he could ask the trial court "to explain anything." The trial court continued, "If I use terms you're not familiar with or if I say something about this agreement that is different than what you thought it was, we need to clear that up today." The Petitioner stated that he understood.

The trial court then listed what the Petitioner was pleading guilty to and stated that the felony vandalism offense was "going to be four years." The trial court also explained that the sentences were required to be served consecutively and that the total effective sentence would be sixteen years. The Petitioner stated that was what he had agreed to and that he understood what the trial court had explained to him.

The trial court asked the Petitioner if trial counsel had explained to him what he had been charged with, the range of punishment for each charge, and "the fact that some of [the charges were] required to be consecutive." The Petitioner responded that trial counsel had reviewed all of that with him.

With respect to the burglary offense, the State provided the following factual basis: "[A] construction building . . . was broken into and a fax machine and other electronic devices were taken from that," and the Petitioner's fingerprints were found on "the point of entry." With respect to the felony vandalism offense, the State provided that the Petitioner damaged "the window of a vehicle" and that the damage was valued at more than $500 but less than $1,000.

The Petitioner testified that he heard the allegations and that they were "generally true." Additionally, the Petitioner signed the plea agreement which noted that the vandalism offense was a Class E felony, that it carried a four-year sentence, and that the Petitioner's "total" sentence was sixteen years.

The Petitioner filed a timely pro se petition for post-conviction relief challenging only his felony vandalism conviction. Counsel was appointed to represent the Petitioner, and an amended petition was filed. The amended petition alleged that trial counsel failed to inform the Petitioner that the vandalism offense was a felony and that his sentences would be served consecutively.

At the post-conviction hearing, the Petitioner claimed that his vandalism charge "was reduced at [the preliminary] hearing to a misdemeanor" because there was no "proof of price of the articles that [he] damaged." The Petitioner further claimed that he was never shown the indictment against him, that no one ever informed him that the vandalism charge "had been moved back to being a felony," and that he thought he was pleading guilty to a misdemeanor at the plea submission hearing. The Petitioner further claimed that no one ever explained to him what his sentence would be for the vandalism charge.

The Petitioner also claimed that no one explained to him that his sentences were required to be served consecutively and that he did not understand the difference between consecutive and concurrent sentencing when he pled guilty. The Petitioner further claimed that when he pled guilty, he believed that his total sentence would be twelve years and that he would not have accepted the plea agreement if he had known his total effective sentence was actually sixteen years. The Petitioner testified that trial counsel did not review any of this with him prior to the plea submission hearing.

When confronted with the transcript from the plea submission hearing, the Petitioner claimed that he did not actually understand what had occurred at the hearing but that trial counsel had told him "to just say" that he agreed to everything the trial court said. The Petitioner also claimed that the notation on the plea agreement that his sentence would be "[s]ixteen total" years was added after he signed the agreement. After the Petitioner testified, the trial court noted that there was nothing in the original record to suggest that the vandalism charge was "bound over [to the grand jury] on a lesser offense."

Trial counsel testified that he was appointed to represent the Petitioner after the District Public Defender's Office was removed due to "some type of conflict." Trial counsel testified that at his first meeting with the Petitioner, he "explained the charges [in] the indictments" to the Petitioner. Trial counsel further testified that, after more thoroughly reviewing the cases, he "explained all the charges to [the Petitioner] and the appropriate [sentence] ranges," including "whether [each offense was] a misdemeanor or a felony."

Trial counsel testified that he reviewed the State's plea offer with the Petitioner and that he reviewed the actual plea agreement with the Petitioner prior to the Petitioner signing it. Trial counsel also testified that he was "confident" that he "specifically explain[ed]" to the Petitioner that his sentences were required to be served consecutively. Trial counsel denied that the notation on the plea agreement regarding the Petitioner's total sentence was written after the Petitioner signed the agreement. Trial counsel testified that he believed that the Petitioner understood the charges against him, the plea agreement, and his sentences.

The post-conviction court filed a written order dismissing the petition. In its order, the post-conviction court accredited trial counsel's testimony over the Petitioner's. The post-conviction court found that there was no evidence the vandalism charge was ever reduced to a misdemeanor. The post-conviction court concluded that trial counsel reviewed the charges, the plea agreement, and the potential sentences with the Petitioner and that the Petitioner entered a knowing and voluntary plea of guilty to the felony vandalism charge.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition. The Petitioner argues that he was unaware that the vandalism charge was a felony offense and that trial counsel failed to inform him that the sentence was to be served consecutively to the sentence for his burglary conviction. The Petitioner's argument in his brief is limited to two paragraphs simply stating these conclusory allegations. The State responds that the Petitioner failed to establish that he was entitled to post-conviction relief.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

The plea agreement, the transcript of the plea submission hearing, and trial counsel's testimony all belie the Petitioner's claims. The Petitioner signed the plea agreement which made clear that the vandalism offense was a felony, that the Petitioner's sentence for the offense would be four years, and that he would have a total effective sentence of sixteen years. At the plea submission hearing, the trial court reviewed the plea agreement with the Petitioner, including the fact that his sentences were required to be served consecutively. The Petitioner stated that he had reviewed the plea agreement with trial counsel, that he understood it, and that it was what he had agreed to plead guilty to. Likewise, trial counsel testified that he explained to the Petitioner that the vandalism charge was a felony offense, that he explained that the plea agreement would require consecutive sentences, and that he believed the Petitioner understood the plea agreement and his potential sentences. Accordingly, we conclude that the Petitioner failed to prove his factual allegations by clear and convincing evidence. As such, we affirm the post-conviction court's dismissal of the petition.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE